801 A.2d 551

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Bernard Dale KELLEY, Appellant.**

Supreme Court of Pennsylvania.

Argued May 15, 2002.

Decided July 19, 2002.

180

Paul Philip Ackourey, Scranton, for appellant, Bernard Dale Kelley.

Jason J. Legg, Scranton, Charles J. Aliano, Montrose, for appellee, Com. of PA.

Before: ZAPPALA, C.J., CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Justice NEWMAN.

Bernard Dale Kelley (Kelley) appeals from the Order of the Superior Court, which reversed the decision of the Court of Common Pleas of Susquehanna County (trial court) and remanded the case for trial. We granted review limited to the conclusion of the Superior Court that evidence of digital penetration can sustain a charge of sexual assault, 18 Pa.C.S. § 3124.1.[1] More succinctly, we examine if the Superior Court erred in finding that evidence of digital penetration can sustain a charge of sexual assault, where said charge requires proof of sexual intercourse or deviate sexual intercourse. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On March 11, 1999, the Commonwealth filed a criminal complaint charging Kelley with forty-two counts of each of the following crimes: rape, statutory sexual assault, involuntary deviate sexual intercourse, sexual assault, aggravated indecent

---

1. Sexual assault is defined as:

   Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

   18 Pa.C.S. § 3124.1.

assault, indecent assault, and endangering the welfare of children.[2] These charges arose from allegations that Kelley repeatedly abused his stepdaughter (the victim) for four years.

Kelley waived his preliminary hearing and the Commonwealth filed criminal informations on June 3, 1999. Kelley filed an Omnibus Pretrial Motion, which included a motion for *habeas corpus* relief. On October 15, 1999, the trial court conducted a hearing on the pretrial motion and remanded the case to the district justice for a hearing on the motion for *habeas corpus* relief. During the hearing, which occurred on November 15, 1999, the Commonwealth presented the testimony of the victim; and she testified that Kelley regularly touched her breasts and vaginal area. She stated that this conduct began when she was seven or eight years old and continued until she was eleven years old. According to the victim, the abuse occurred approximately one to two times a week. She further testified that, on more than one occasion, Kelley inserted his fingers into her vagina and moved them up and down. The victim also stated that Kelley "kissed" her vagina "for a few minutes" on one occasion. (Notes of Testimony (N.T.) dated 11/15/99, at 16, 33.) At the conclusion of the hearing, the district justice bound over one count each of rape, statutory sexual assault, and involuntary deviate sexual intercourse, as well as forty-two counts each of sexual assault, aggravated indecent assault, indecent assault, and endangering the welfare of children.

Following oral argument on Kelley's motion for *habeas corpus* relief, the trial court issued an Order dismissing the rape, statutory sexual assault, and involuntary deviate sexual intercourse counts, and one of the counts of sexual assault. The court dismissed these charges because it held that the Commonwealth had failed to present evidence of penetration when Kelley allegedly "kissed" the vagina of the victim. In addition, the court dismissed all remaining counts of sexual assault because the court concluded that proof of digital penetration could not support a *prima facie* case of sexual

**2.** 18 Pa.C.S. §§ 3121(a)(2) & (6), 3122.1, 3123(a)(2) & (6), 3124.1, 3125(1), (5) & (7), 3126(a)(1), (3) & (7), and 4304, respectively.

assault. The court bound over for trial the forty-two counts of aggravated indecent assault, indecent assault, and child endangerment. The Commonwealth appealed.

In a Memorandum Opinion, the divided Superior Court panel reversed. First, regarding the alleged conduct of kissing the vagina of the victim, the majority held that the Commonwealth had presented sufficient proof of penetration to make out *prima facie* cases of rape, statutory sexual assault, involuntary deviate sexual intercourse, and one count of sexual assault. Second, the majority concluded that evidence of digital penetration could support the forty-one *prima facie* cases of sexual assault. Consequently, the majority reversed the Order of the trial court dismissing one count each of rape, statutory sexual assault, involuntary deviate sexual intercourse, and forty-two counts of sexual assault, and remanded the matter for trial.

Judge Joseph A. Hudock filed a Concurring and Dissenting Memorandum in which he agreed with the majority's disposition regarding the sufficiency of the evidence to support charges based upon oral contact with the vagina. Judge Hudock departed from the majority in that he concluded that digital penetration could not be properly classified as sexual assault.

## DISCUSSION

In the instant matter, we granted review of a single issue, whether evidence of digital penetration can sustain a charge of sexual assault. Given that this appeal raises a question of law, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

We begin by examining the definition of sexual assault in our Crimes Code, because when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. 18 Pa.C.S. § 105 (provisions of the Crimes Code must be construed "according to the fair import of their terms"); 1 Pa.C.S. § 1921(b); *Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702, 705–06 (1992).

When the meaning of a statute is plain, a court should not disregard the language of the law in the context of pursuing its spirit. 1 Pa.C.S. § 1921(b); *Commonwealth v. Hagan*, 539 Pa. 609, 654 A.2d 541, 544–45 (1995). Throughout our analysis, we are guided by the precept that penal statutes are to be strictly construed in favor of the accused. 1 Pa.C.S. § 1928(b)(1); *Commonwealth v. Booth*, 564 Pa. 228, 766 A.2d 843, 846 (2001); *Commonwealth v. Besch*, 544 Pa. 1, 674 A.2d 655, 660 n. 7 (1996).

Our legislature has defined sexual assault as engaging "in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. The question of whether or not digital penetration is a sexual assault is decided by resolving the issue as to if such conduct is sexual intercourse or deviate sexual intercourse.[3]

The General Assembly defines both sexual intercourse and deviate sexual intercourse in the general provisions of the sexual offenses. *See* 18 Pa.C.S. § 3101. Sexual intercourse "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." *Id.* Deviate sexual intercourse is "[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." *Id.*

Sexual intercourse and deviate sexual intercourse both include "intercourse per os or per anus." Sexual intercourse is distinct from deviate sexual intercourse in that it also includes intercourse in "its ordinary meaning." Construing sexual intercourse according to the fair import of its terms, digital penetration cannot be considered intercourse within its ordinary meaning. *See, e.g., Commonwealth v. Brown*, 551

3. Our discussion focuses upon what conduct is included within the definition of deviate sexual intercourse as found in 18 Pa.C.S. § 3101. We do not address the elements of the offense of involuntary deviate sexual intercourse. *See* 18 Pa.C.S. § 3123.

Pa. 465, 711 A.2d 444, 450 (1998) ("ordinary meaning" of sexual intercourse in 18 Pa.C.S. § 3101 is vaginal intercourse). In addition, deviate sexual intercourse encompasses conduct not included within the definition of sexual intercourse, namely sexual intercourse with an animal and penetration of the genitals or anus with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures. Digital penetration does not fall into the category of either action.[4] Consequently, digital penetration can be classified as sexual intercourse and deviate sexual intercourse, and thereby as sexual assault, only if it is "intercourse per os or per anus."

■■■ The General Assembly did not define "intercourse per os or per anus." We construe non-technical words and phrases in statutes, which remain undefined, according to their ordinary usage. 18 Pa.C.S. § 105; 1 Pa.C.S. § 1903(a); *Commonwealth v. Brachbill*, 520 Pa. 533, 555 A.2d 82, 86 (1989). The plain meaning of "intercourse," as used in § 3101, is "physical sexual contact between individuals that involves the genitalia of at least one person[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1177 (unabridged 1986). "Per" has been defined as "by the means or agency of: by way of: THROUGH." *Id.* at 1674. Consequently, the ordinary meaning of "per os or per anus" is through or by means of the mouth or posterior opening of the alimentary canal. WEBSTER'S at pp. 1595 (defining "os") and 97 (defining "anus"). Our courts have viewed the phrase "intercourse per os or per anus" as describing oral and anal sex. *See generally Commonwealth v. Hitchcock*, 523 Pa. 248, 565 A.2d 1159 (1989) (noting that definition of sexual intercourse encompasses forcible penetration of the three defined orifices of the body); *Commonwealth v. Lee*, 432 Pa.Super. 414, 638 A.2d 1006,, *petition for allowance of appeal denied*, 538 Pa. 643, 647 A.2d

---

4. Because the conduct in the present case occurred between human beings, it cannot be intercourse with an animal. Also, digital penetration of the vagina is not penetration with a foreign object. A "foreign object" is "any physical object not a part of the actor's body", 18 Pa.C.S. § 3101, and consequently, a finger cannot be a foreign object.

898 (1994) (interpreting sexual intercourse and deviate sexual intercourse to include acts of oral and anal sex). Digital penetration of the vagina is not sexual contact with the victim by means of the mouth or anus. Digital penetration does not fall within any of the conduct described by our legislature as sexual intercourse or deviate sexual intercourse. Therefore, we hold that digital penetration may not be the basis for a charge of sexual assault.

The Commonwealth asserts that the majority of the Superior Court correctly relied upon its decision in *Commonwealth v. Westcott*, 362 Pa.Super. 176, 523 A.2d 1140, *petition for allowance of appeal denied*, 516 Pa. 640, 533 A.2d 712 (1987), in concluding that digital penetration may support the charge of sexual assault. In *Westcott*, the court focused upon whether evidence of cunnilingus could support a charge of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123. Part of the analysis of the *Westcott* court included an examination of the definitions of sexual intercourse or deviate sexual intercourse found in § 3101. As part of its discussion, the *Westcott* court relied upon the meaning of deviate sexual intercourse under the Model Penal Code, upon which, the court noted, our legislature had based the sexual offenses in our Crimes Code. The *Westcott* court stated:

Similarly, 18 Pa.C.S.A. § 3123 [crime of involuntary deviate sexual intercourse] is modeled upon § 213.2 of the Model Penal Code. *See* Historical Note following § 3123. The Comment following § 207.5 of Tentative Draft No. 4 (later renumbered as § 213.2 and adopted at the [American Law] Institute meeting in May 1962, see *supra*, p. 1145) declares that **the conduct encompassing deviate sexual intercourse was broadened in the Model Code to include digital penetration of a female by another female. Due to the heinous nature of the criminal activity here, we do not discern any difference between penetration by the finger or by the tongue** committed by a member of the same or a different sex absent any language in the statute to the contrary. Thus, by analogy, we conclude that penetration of the vagina by the tongue was contemplated as a

criminal act by the drafters of § 213.2 of the Model Penal Code and by the Pennsylvania General Assembly by virtue of its adoption of the Model Code's definition of both deviate sexual intercourse and sexual intercourse. . . .

*Id.* at 1145–1146 (emphasis added).

■ In the present case, the majority of the Superior Court referenced the above-highlighted language as support for its holding that because digital penetration of the vagina is sexual intercourse or deviate sexual intercourse, such conduct is sexual assault when engaged in without the consent of the complainant.[5] While the *dicta* in *Westcott* discussing digital penetration supports the conclusion of the majority of the Superior Court in the present matter, a plain reading of the statute reveals that digital penetration is not sexual intercourse or deviate sexual intercourse. The definitions of sexual intercourse and deviate sexual intercourse include vaginal intercourse, anal intercourse, oral intercourse, and penetration by a foreign object, but not digital penetration of the vagina.

While the Historical Note to the provision in the Model Penal Code, which criminalizes involuntary deviate sexual intercourse, indicates that the provision includes digital penetration of the vagina, this does not require us to read our definition of deviate sexual intercourse to include the same. The provisions of the Crimes Code on Sexual Offenses is a combination of prior criminal law, the Model Penal Code, and the recommendations of the Pennsylvania Bar Association's Special Commission on Crime and Juvenile Delinquency in conjunction with the Joint State Government Commission. *Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217, 1221 (1986). "[T]he Model Penal Code indeed served as a 'model' [for the Crimes Code] in many respects, but was only the starting point. From that model, the General Assembly proceeded to make substantial modifications, accepting some of

---

5. In his dissent, Judge Hudock concluded that digital penetration does not constitute either sexual intercourse or deviate sexual intercourse. He noted that it appeared that the legislature had determined that digital penetration of the vagina constitutes aggravated indecent assault, 18 Pa.C.S. § 3125, rather than an act of intercourse.

the Model Penal Code's recommendations in whole or in part, and rejecting others." *Id.* at 1223. The crime at issue in the present matter, sexual assault, is not based upon the Model Penal Code.[6] *Compare* 18 Pa.C.S. § 3124.1 *with* MODEL PENAL CODE § 213.4 (Proposed Official Draft 1962). The definitions of some of the terms included in the crime of sexual assault contained in our statute, namely sexual intercourse and deviate sexual intercourse, are similar to, but not identical with, the definitions of those terms as used in the Model Penal Code. *Compare* 18 Pa.C.S. § 3101 *with* MODEL PENAL CODE § 213.0 (Proposed Official Draft 1962); *see also* 18 Pa.C.S. § 3101, Historical and Statutory Notes (stating § 3101 is similar to MODEL PENAL CODE § 213.0). Therefore, we derive the meaning of § 3101 from the language of the provision and not from a note to the Model Penal Code.

Finally, the Commonwealth argues that the General Assembly intended sexual assault to encompass all forms of penetration, including digital. The Commonwealth refers to the reasoning of the Superior Court in this matter, that were it to find that digital penetration was not included in the definitions in § 3101, then sexual intercourse and deviate sexual intercourse would include penetration by virtually anything except the finger, which would be absurd. We do not agree.

The General Assembly has not drafted the sexual assault provision so broadly as to encompass digital penetration. Our above examination of the plain wording of the statute and its definitions supports this conclusion. In addition, our legislature appears to have prohibited nonconsensual digital penetration of the vagina through other provisions in

6. The General Assembly enacted the crime of sexual assault during the 1995 Special Session on Crime. According to the legislative history of the provision, the General Assembly drafted the sexual assault provision in response to our decision in *Commonwealth v. Berkowitz*, 537 Pa. 143, 641 A.2d 1161 (1994), and in an effort to criminalize non-consensual sex where the perpetrator employs little force or threat of force, if any. Pa. House Legislative Journal, Spec. Sess. No. 1, at 232 (March 31, 1995); Pa. Sen. Legislative Journal, Spec. Sess. No. 1, at 20–25 (January 31, 1995). *See also* Theresa A. McNamara, Comment, *Act 10: Remedying Problems of Pennsylvania's Rape Laws or Revisiting Them?*, 101 DICK. L.REV. 203, 204 (1996).

our Crimes Code. *See generally, Commonwealth v. Bishop,* 742 A.2d 178 (Pa.Super.1999), *petition for allowance of appeal denied,* 563 Pa. 638, 758 A.2d 1194 (2000) (finding evidence of digital penetration of the vagina as sufficient evidence to support convictions for aggravated indecent assault and indecent assault). An individual commits aggravated indecent assault when that person "engages in **penetration,** however slight, **of the genitals** or anus **of a complainant with a part of the person's body** for any purpose other than good faith medical, hygienic or law enforcement procedures" and:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3125 (emphasis added). It is not absurd to exclude digital penetration from the meaning of sexual assault when such conduct falls within another crime of the same degree, namely aggravated indecent assault.[7] Also, forced digital penetration of the vagina constitutes indecent assault, a

---

7. We note that both sexual assault and aggravated indecent assault are felonies of the second degree.

misdemeanor of the first or second degree.[8] Consequently, the Superior Court incorrectly decided that an individual may be charged with sexual assault based upon evidence of digital penetration of the vagina.

## CONCLUSION

We reverse the Order of the Superior Court as it relates to the forty-one counts of sexual assault based upon evidence of digital penetration. The court should not have reversed the decision of the trial court to dismiss these sexual assault charges. We remand this case to the Superior Court for further proceedings consistent with this Opinion.[9]

8. The crime of indecent assault is as follows:

(a) **Offense defined.**—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

(b) **Grading.**—Indecent assault under subsection (a)(7) is a misdemeanor of the first degree. Otherwise, indecent assault is a misdemeanor of the second degree.

18 Pa.C.S. § 3126. As used in the statute, "indecent contact" means "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101.

9. Under the remaining portions of the Orders of the Superior Court and trial court, Kelley still faces one charge each of rape, statutory sexual assault, involuntary deviate sexual intercourse, and sexual assault (for an alleged act of cunnilingus), and forty-two counts each of aggravated indecent assault, indecent assault, and endangering the welfare of children.