In re ANNUAL AUDIT OF BOROUGH
OF WHITEHALL For the Year
2002.

**Appeal of Franco Moscatiello.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 2004.

Decided Feb. 20, 2004.

Sean P. Audley, Pittsburgh, for appellant.

David P. Helwig, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Frank Moscatiello (Moscatiello) advocated a $3400 surcharge of officials of the Borough of Whitehall (Borough). When the auditors failed to include a surcharge in their 2002 audit, Moscatiello appealed. Unfortunately, his appeal was not accompanied by a bond, as required by Section 1045 of The Borough Code.[1] Consequently, the Court of Common Pleas of Allegheny County (trial court) set aside his appeal. Because we agree the statutory bond requirement is clear and mandatory, we affirm.

The 2002 annual audit for the Borough was filed at the end of March 2003 in accordance with Section 1 of The Borough Code, 53 P.S. § 46041. Trial Ct. Op. at 1. Moscatiello filed his appeal to the trial court on May 9, 2003. The appeal did not include a bond. *Id.* The docket reflected a bond was posted on July 9, 2003, two months after the taking of the appeal, and one day prior to argument on the Borough's preliminary objections to the appeal. *Id.* at 2. The trial court observed the bond was filed outside the 40–day appeal period. *Id.;* Section 1044 of The Borough Code, 53 P.S. § 46044.

The trial court was unpersuaded by Mosecatiello's argument that any defect relating to the bond was cured by its tardy filing. It found the language of Section 1045 "very clear" and that it was "difficult to imagine how the legislature could have been more plain in denying to courts the discretion to accept something different

---

1. Act of February 1, 1966, *as amended*, 53 P.S. §§ 45101–48501.

from a bond filed at the time of taking the appeal." *Id.* at 2–3. We agree.

Section 1045, titled **Taxpayers appealing to enter a bond,** provides:

> No appeal by a taxpayer or officer shall be allowed, unless at the time of taking of such appeal, the appellant shall enter into bond in the sum of one thousand dollars ($1000) with sufficient surety, to prosecute the same with effect and to pay all costs accruing thereon, in case, if appellant is a taxpayer, he shall fail to obtain a final decision more favorable to the borough than that awarded by the auditors, or, in case, if appellant is an accounting officer, he shall fail to obtain a final decision more favorable to the officer than that awarded by the auditors. *Unless such bond is filed as hereinbefore provided, the court of common pleas, upon application, shall set aside the appeal.*

53 P.S. § 46045 (emphasis added).

Before us, Mosecatiello contends the language of Section 1045 is not clear. He also contends that any defect was cured and no prejudice arose from the late filing of the bond.

Where, as here, the language of a statute is clear, we shall not disregard the language under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b); *Commonwealth v. Kelley,* 569 Pa. 179, 801 A.2d 551 (2002).

The statute places the burden of security on the party appealing from the audit. The security must be filed "at the time of taking such appeal...." 53 P.S. § 46045. The statute does not require affirmative action by the municipality to obtain the

security. "Unless such bond is filed as ... provided, the court of common pleas, upon application, *shall set aside the appeal." Id.* (Emphasis added.) The trial court committed no error in following the mandatory language of The Borough Code.

Accordingly, the order of the trial court is affirmed.[2]

### *ORDER*

AND NOW, this 20th day of February, 2004, the decision of the Court of Common Pleas of Allegheny County, in the above-captioned matter, is affirmed.

---

2. Because of our holding, we do not need to address Appellee's arguments that: a) the trial court's dismissal was also correct because the appeal was untimely in that it disputed payments made in 2001 that could not be raised in the 2002 audit; and b) the appeal failed to state a cause of action with respect to the 2002 disputed payments because The Borough Code authorized expenditures to repair and maintain sewer systems.