J-S51009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDDIE A. JOHNSON | |
| Appellant | No. 2190 EDA 2014 |

Appeal from the Judgment of Sentence June 20, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008364-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 30, 2015**

Appellant, Eddie A. Johnson, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial conviction for statutory sexual assault.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.[2] At approximately 11:00 p.m. on Friday, September 28, 2012, the victim was walking home in West Philadelphia.  The victim was fifteen years old at the

---

[1] 18 Pa.C.S.A. § 3122.1(b).

[2] The facts are derived from the transcripts of Appellant's jury trial. Appellant was tried with two codefendants, whose cases are separately on appeal with this Court, but only one set of transcripts was produced.  The transcripts were included in the certified record for Appellant's case only, but the Delaware County Clerk's Office indicated the transcripts are for use in all three appeals of Appellant and his two codefendants.

---

*Retired Senior Judge assigned to the Superior Court.

time. At one point, a car pulled up in front of her. The victim claims thirty-seven year old Appellant and codefendant Alfred Kulah emerged from the vehicle and physically forced her into the car. Codefendant Mortimah Kesselly was the driver. Appellant and codefendants took the victim to their apartment in Upper Darby, where all three men took turns having sex with her. On the following day, September 29, 2012, Mr. Kesselly took the victim to another apartment, where she took a shower. Afterwards, Mr. Kesselly drove the victim to McDonald's to get food before returning to Appellant and codefendants' apartment. The victim said that back at the apartment, Appellant and Mr. Kesselly had sex with her again. The victim claimed all of the sexual activity with Appellant and codefendants was against her will. On the morning of September 30, 2012, Mr. Kesselly was watching television in the same room as the victim. Mr. Kesselly then left the room. The victim said it was the first time Appellant and codefendants left her alone since they had abducted her. The victim claims she waited approximately five minutes before she ran out of the apartment and called her father, who ultimately found the victim and brought her to a hospital.

The Commonwealth charged Appellant in its amended information with with rape, statutory sexual assault, kidnapping, and conspiracy. Following trial, a jury convicted Appellant of one count of statutory sexual assault and acquitted him of all other charges. On April 28, 2014, Appellant filed a motion "*in limine*"/motion for judgment of acquittal, which the court denied

on May 16, 2014.[3]  On June 20, 2014, the court sentenced Appellant to a term of incarceration of one (1) year less one (1) day to two (2) years less one (1) day, followed by seven (7) years of probation.  Appellant filed a timely notice of appeal on July 15, 2014.  The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).  After the court granted multiple extensions, Appellant timely complied.

Appellant raises the following issues for our review:

WHETHER THE COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE OF THE ELEMENTS OF THE CRIME OF STATUTORY SEXUAL ASSAULT WHERE THERE WAS NO EVIDENCE OF SEXUAL INTERCOURSE AS DEFINED BY THE CRIMES CODE.

WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS FOR JUDGMENT OF A[C]QUITTAL WHERE THE COMMONWEALTH PRODUCED NO EVIDENCE OF A REQUIRED ELEMENT OF THE CHARGE OF STATUTORY SEXUAL ASSAULT.

(Appellant's Brief at 7).

In his issues combined, Appellant argues the Commonwealth failed to present any evidence that the sexual activity between Appellant and the victim involved penetration.  Appellant asserts the victim merely testified in broad terms that Appellant "had sex" with her.  Appellant contends the victim's statements in two police reports were admitted for impeachment

---

[3] Appellant also filed a motion for judgment of acquittal at the conclusion of the Commonwealth's case-in-chief on April 1, 2014, which the court denied.

purposes only and cannot be used as substantive evidence that Appellant and the victim had statutorily defined sexual intercourse. Appellant concludes the evidence was insufficient to support his conviction for statutory sexual assault. We disagree.

The following principles of review apply to a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code sets forth the elements of first-degree felony statutory sexual assault as follows:

**§ 3122.1. Statutory sexual assault**

\* \* \*

**(b) Felony of the first degree.—**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b).  The Crimes Code defines "sexual intercourse" as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." *Id.* § 3101.  The term "sexual intercourse" encompasses vaginal, oral, and anal sex.  *Commonwealth v. Kelley*, 569 Pa. 179, 186-88, 801 A.2d 551, 555-56 (2002).  Further, "circumstantial evidence may be used to prove the element of penetration."  *Commonwealth v. Stambaugh*, 512 A.2d 1216, 1219 (Pa.Super. 1986).

Instantly, at the time of the events in question, Appellant was thirty-seven years old and the victim was fifteen years old.  At trial, the victim testified as follows:

> Q.    Okay.  If you can, why don't you tell us what [Appellant and Mr. Kulah] were doing when Mr. Kesselly took your pants off?
>
> A.    It was like get ready, like prepping theirselves for— but they got me on the bed and stuff.  The guy with the white, he started having sex with me.
>
> Q.    What were the other two doing, were they still in the room?

Q. Yes.

Q. When the guy in the white[4] was finished, what happened?

A. They took their turns.

Q. How many of the three had sex with you?

A. All of them.

(N.T. Trial, 3/27/14, at 43.) The victim testified that on the following day, Appellant "made [the victim] have sex with him again." *Id.* at 52. The victim also stated that on that day, Mr. Kesselly "tried to make [her] have oral sex with him," but when she resisted, they instead had "regular sex." *Id.* at 52-53. The victim was seventeen years old at the time of trial, she differentiated between "oral sex" and "regular sex," and no evidence suggested she did not understand the common meaning of the term "sex." The jury could reasonably infer that the victim's straightforward use of the term "sex" referred to sexual intercourse. Additionally, Detective Brad Ross, who interviewed Appellant following the incident, testified that Appellant described his interaction with the victim on the night of September 28, 2012, as follows: "I went back into the bedroom. [The victim] was naked. She grabbed my shirt. I told her I did not want—I did not bring you here for that because you don't—but you don't look bad. We eventually had sex…."

---

[4] The victim's testimony confirmed that "the guy in the white" referred to Mr. Kesselly.

(N.T. Trial, 3/31/14, at 94.) Detective Ross further testified that Appellant said he did not wear a condom. *Id.* at 94-95. The testimony of the victim and Detective Ross was sufficient for the jury to conclude that Appellant's sexual activity with the victim resulted in "penetration, however slight." ***See*** 18 Pa.C.S.A. § 3101; ***Jones, supra***. Therefore, Appellant's conviction for statutory sexual assault was supported by sufficient evidence. Based on the foregoing, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/30/2015</u>