J-S08034-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE ANDREW DORSEY, | : | |
| | : | |
| Appellant | : | No. 1115 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 8, 2019
in the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0000243-2018

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                FILED MARCH 24, 2020

George Andrew Dorsey ("Dorsey") appeals from the judgment of sentence imposed following his convictions of statutory sexual assault, endangering welfare of children ("EWOC"), and corruption of minors.[1]  We affirm.

On February 2, 2017, Indiana County Children and Youth Services received a report of potential abuse of a child.  The report was passed on to Pennsylvania State Police, who opened an investigation.  Following an interview of the victim, Dorsey was charged with the above-mentioned crimes, as well as rape of a child, involuntary deviate sexual intercourse with a child, and corruption of minors.[2]

_____

[1] 18 Pa.C.S.A. §§ 3122.1(b), 4304(a)(1), 6301(a)(1)(ii).

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b).

Following a jury trial, Dorsey was convicted of statutory sexual assault, EWOC, and corruption of minors. The trial court sentenced Dorsey to an aggregate term of 5 to 15 years in prison. Dorsey filed a timely post-sentence Motion challenging the sufficiency of the evidence, which the trial court denied. Dorsey filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Dorsey raises the following questions for our review:

I. Whether the evidence was sufficient to find [Dorsey] guilty of [EWOC] (18 Pa.C.S.[A.] § 4304(a)(1))?

II. Whether the evidence was sufficient to find [Dorsey] guilty of [s]tatutory [s]exual [a]ssault (18 Pa.C.S.[A.] § 3122.1(b))?

Brief for Appellant at 7.

In his first claim, Dorsey alleges that the evidence was insufficient to support his conviction for EWOC. See Brief for Appellant at 12-13. Dorsey argues that the evidence did not establish that he (1) was aware of his duty to protect the child; (2) was aware that the child was in circumstances that threatened the child's physical or psychological welfare; and (3) had failed to act or had taken action so lame or meager that such action cannot be reasonably expected to have protected the child's welfare. Id.

The standard for reviewing a challenge to the sufficiency of the evidence is

> whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In

- 2 -

addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Melvin, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Here, Dorsey fails to provide pertinent argument as to why the evidence was insufficient to support his conviction, or to reference relevant legal authority in support. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009); see also Pa.R.A.P. 2119(a). It is not the role of this Court to "formulate [an a]ppellant's arguments for him." Id. at 925. Nevertheless, we decline to find Dorsey's claim waived.

Section 4304(a)(1) states, in relevant part, that "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age … commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1).

The Pennsylvania courts have established a three-part test that must be satisfied to prove EWOC: 1) The accused was aware of his/her duty to protect the child; 2) The accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and 3) The accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

....

On multiple occasions, we have extended a duty of care to non-relatives who exercise some supervisory role over children. In reviewing EWOC, Pennsylvania courts have long recognized that the legislature attempted to prohibit a broad range of conduct in order to safeguard the welfare and security of our children. Furthermore, the common sense of the community should be considered when interpreting the language of the statute.

Commonwealth v. Bryant, 57 A.3d 191, 197-98 (Pa. Super. 2012) (some citations, quotation marks and brackets omitted) (citing Commonwealth v. Trippett, 932 A.2d 188, 195 (Pa. Super. 2007) (stating that the evidence was sufficient to establish that the defendant owed the victim a duty of care where the defendant took care of victim when the victim was young and no other adults were in the home, and the abuses occurred when no other adults were in the home)); see also Commonwealth v. Leatherby, 116 A.3d 73, 81 (Pa. Super. 2015) (stating that the evidence was sufficient to establish that the defendant was aware of his duty to protect the victim where the defendant had been dating the victim's mother for 2½ years; the defendant had lived with the victim for 6 months; the defendant had conceived a child with the victim's mother; the victim testified that the defendant was the only father

figure she had known in her life; and the victim's siblings called the defendant "dad").

Here, Dorsey and the victim's mother both testified that they had been in a romantic relationship for several years from 2014 or 2015 to at least 2017, and that Dorsey had lived with the victim and victim's mother at various times. See N.T., 10/22-25/18, at 16-17, 92-94, 100-07, 116, 173-75. Dorsey stated that, during this period, he stayed at the victim's home four or five days a week; he provided support for the victim; he paid the bills for the victim and victim's mother's home; the bills were in his name; he considered himself a care taker for the victim; and he loved the victim. Id. at 174, 176, 182, 191, 205-06, 242. This evidence is sufficient to prove that Dorsey was a "person supervising the welfare of" the victim, and owed a duty of care to the victim. See Bryant, supra; Trippett, supra; Leatherby, supra.

Regarding whether Dorsey violated his duty of care, the victim testified at trial that Dorsey had performed oral sex on her, penetrated her vagina with his penis, and touched her breasts and vagina with his hand. N.T., 10/22-25/18, at 21-22, 27, 29, 30-33, 40-42. These events occurred when the victim was 12 or 13 years of age. Id. at 23, 26, 35. This evidence is sufficient to prove that Dorsey knowingly endangered the victim's welfare. See Commonwealth v. Bishop, 742 A.2d 178, 182, 190 (Pa. Super. 1999) (stating that the defendant knowingly endangered the welfare of the child victim where the defendant performed oral sex on the victim, digitally

penetrated the victim's vagina, and instructed the victim to touch his penis and buttocks); see also Trippett, 932 A.2d at 201 (stating that "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." (brackets omitted)). Accordingly, Dorsey's first claim fails.

In his second claim, Dorsey alleges that the evidence was insufficient to support his conviction for statutory sexual assault. See Brief for Appellant at 13. Dorsey argues that the evidence was insufficient to establish that he engaged in sexual intercourse with the victim. Id.

Section 3122.1, statutory sexual assault, states, in relevant part, that "[a] person commits a felony of the first degree when that person engages in sexual intercourse with a complainant...." 18 Pa.C.S.A. § 3122.1(b). Sexual intercourse "includes intercourse per os or per anus, with some penetration however slight." Id. § 3101. "Our courts have viewed the phrase intercourse per os or per anus as describing oral and anal sex." See Commonwealth v. Kelley, 801 A.2d 551, 555 (Pa. 2002) (quotation marks omitted).

Here, the victim testified that, on one occasion, Dorsey "was licking [her] vaginal area...." N.T., 10/22-25/18, at 32. The prosecutor asked the victim, "you said a phrase[,] he was licking your vaginal area. Specifically, what do you mean he was doing? Was it on the outside of your body? Was it on the inside of your body? Where was he licking?" Id. The victim responded, "[i]nside I guess. The inside, yeah he was, my pants were off and

he had my legs spread and he was licking, and like licking my vagina." Id. The victim also testified that, on another occasion, she was with her mother and Dorsey, and her mother gave her a marijuana-laced candy, some alcohol, and a Xanax pill. Id. at 36-38; see also id. at 101 (wherein the victim's mother testified to giving the victim a marijuana-laced candy). The victim stated that she then fell asleep, and awoke to find herself naked, with Dorsey on top of her, also naked, and with his penis inside of her vagina. Id. at 39-41, 43; see also id. at 103-06 (wherein the victim's mother testified, regarding this occasion, that she had witnessed Dorsey performing oral sex on the victim).

We conclude that this evidence was sufficient to prove that Dorsey had engaged in sexual intercourse with the victim. See 18 Pa.C.S.A. §§ 3122.1(b), 3101; Kelley, supra; see also Commonwealth v. Ziegler, 550 A.2d 567, 569-70 (Pa. Super. 1988) (stating that a victim's testimony that the defendant had licked her vagina was sufficient evidence to prove that the defendant engaged in sexual intercourse with the victim) (abrogated on other grounds by Commonwealth v. Goggins, 748 A.2d 721 (Pa. Super. 2000)). Accordingly, Dorsey's second claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/24/2020</u>