J-S10021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS GEORGE DEGARMO | : | |
| | : | |
| Appellant | : | No. 642 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 25, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000661-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED: AUGUST 12, 2022**

Marcus George Degarmo appeals the judgment of sentence entered after a jury found him guilty of multiple charges stemming from his sexualized interactions with a 10-year-old child. Degarmo challenges the sufficiency of the evidence and the discretionary aspects of his sentence. We affirm.

The brief facts and procedural history of this case are as follows. The Commonwealth charged Degarmo with a large number of crimes:

- two counts each of solicitation – rape of a child, solicitation – indecent assault of a person less than 13 years of age, solicitation – child pornography;

- three counts of unlawful contact with a minor;

- four counts of criminal use of a communication facility;

---

[*] Retired Senior Judge assigned to the Superior Court.

- and one count each of child pornography, corruption of minors, endangering the welfare of a child ("EWOC"), and criminal attempt – child pornography.[1]

At Degarmo's jury trial, the Commonwealth presented evidence that Degarmo initiated numerous sexual conversations with his girlfriend's 10-year-old daughter. The child's mother testified that she discovered what she believed to be inappropriate conversations between Degarmo and her daughter on the child's cell phone. The initial message that the mother saw was a message from Degarmo to the daughter stating, "I saw you up there playing with your pussy; you better be thinking of me." N.T., Trial, 8/28/20, at 10. After finding this message, the mother checked the "Kids Messenger" app and discovered more "disturbing" messages between Degarmo and the child. *Id.* at 11.[2] The mother contacted authorities and police arrested Degarmo.

Sergeant Christopher Kriner testified that he conducted an interview of Degarmo. *Id.* at 38, 41. Degarmo told Sergeant Kriner that he communicated with the child and sent a text message asking her "for a picture of her pussy and that he offered to send a picture of his dick to her." *Id.* at 42. Degarmo also admitted that he touched the child's butt and that he told the child to

---

[1] 18 Pa.C.S.A. §§ 902(a), 6318(a)(1), (a)(5), 7512(a), 6312(d), 6301(a)(1)(ii), 4304(a)(1), and 901(a), respectively.

[2] Mother explained that Kids Messenger is "an app on Facebook that allows kids to communicate with other kids or their parents through the internet." N.T., Trial, at 9.

delete the messages from him. *See id.* Sergeant Kriner also testified about sexual messages Degarmo sent to the child: "I can eat you after I remove all the clothes so I don't choke on them," and "Make me stay by allowing me to massage your pussy with my fingers and dick." *Id.* at 53, 59.[3] Degarmo sent text and audio messages either directly to the child's cell phone or via the Kids Messenger app. *Id.* at 45.

Sergeant Kriner also testified that Degarmo gave three different explanations for why he texted the child sexually explicit messages. The explanations included that he intended to send them to the child's mother, that he intentionally sent them to the child, and then that he wanted to teach the child that she should tell someone if an adult sent her similar messages. *Id.* at 43.

Detective Calvin Irvin testified that he conducted a forensic extraction of Degarmo's, child's, and mother's cell phones. He testified that multiple messages had been deleted from Degarmo's cell phone between him and the child. *Id.* at 89. Detective Irvin also testified that there were multiple searches on Degarmo's cell phone for pornographic material of 10-year-old girls. *Id.* at 83.

The jury convicted Degarmo of each count referenced above except child pornography, for which it acquitted him. At the sentencing hearing, the trial

---

[3] Sergeant Kriner testified that the reference to eating the child was Degarmo "trying to convince [the child]. . . or introduce sex to her in an effort so that he can perform oral sex on her." N.T. Trial, at 69.

court considered the PreSentence Investigation Report ("PSI"), documentation that Degarmo was on special probation for a prior aggravated assault at the time he committed the instant crimes, Degarmo's family history, and his mental health issues and learning disability. N.T., Sentencing, 1/19/21, at 4, 5. The court also considered Degarmo's IQ of 70 and his statements during allocution. *Id.* at 13, 18-20. Degarmo told the court, "[I]n my opinion I honestly thought I was trying to teach the child how to handle sexual harassment through communications[.]" *Id.* at 19. The court also heard testimony from the victim's mother. *Id.* at 20-22. The trial court sentenced Degarmo to an aggregate term of 31 to 62 years' incarceration. *See* Order, filed 1/22/21.

Degarmo filed a timely post-sentence motion challenging the sufficiency of the evidence and his sentence. *See* Post-Sentence Motion, filed 1/29/21. Before the trial court decided the motion, Degarmo filed a notice of appeal with this Court on May 21, 2021. The trial court denied the post-sentence motion on May 28.[4]

Degarmo raises two issues before this Court:

1. Was the evidence presented at trial insufficient to prove that [Degarmo] possessed the requisite intent to commit solicitation of a child for sexual acts, unlawful contact with a minor, and criminal use of a communication facility?

_____

[4] We treat this appeal as filed as of the date of the denial of the post-sentence motion, and therefore it is timely and not premature. *See* Pa.R.A.P. 905(a)(5).

2. Did the trial court abuse its discretion when imposing sentence of 31 to 62 years['] incarceration for several minor related sexual offenses when [Degarmo] never touched the child and the offenses occurred over a two-month period of time?

Degarmo's Br. at 7.

**Sufficiency Claims**

Degarmo's first issue challenges the sufficiency of evidence for his convictions for criminal solicitation, unlawful contact with a minor, criminal use of a communication facility, and attempting to possess child pornography. He alleges that the Commonwealth failed to show the necessary intent for each referenced crime.

We review a challenge to the sufficiency of the evidence by determining whether "when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt." *Commonwealth v. Green*, 204 A.3d 469, 484 (Pa.Super. 2019) (citing *Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa.Super. 2003)). The Commonwealth may satisfy its burden through circumstantial evidence alone. *Id.* at 484-485.

*Criminal Solicitation*

Degarmo argues that the Commonwealth was required to prove that he had the specific intent to have sexual intercourse with the child to prove solicitation of the rape of a child. He also contends that it had to prove his

- 5 -

specific intent to have indecent contact with the child for the crime of soliciting the indecent assault of a child. **See** Degarmo's Br. at 14.

Section 902 of the Crimes Code defines criminal solicitation as follows:

> A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S.A. § 902(a). Regarding the intent element, there must be an "intent to accomplish the *acts* which comprise the crime, not necessarily with intent specific to all the *elements* of that crime[.]" **Commonwealth v. Hacker**, 15 A.3d 333, 336 (Pa. 2011) (emphasis in original). Encouragement and intent to accomplish the acts is sufficient evidence to sustain a solicitation conviction. **See id.**

Here, the crimes underlying the solicitation convictions Degarmo challenges are rape of a child and indecent assault. **See** 18 Pa.C.S.A. §§ 3121(c) and 3126(a)(7). Rape of a child occurs whenever an individual has "sexual intercourse" with a victim who is less than 13 years of age. 18 Pa.C.S.A. § 3121(c). "Sexual intercourse" includes "vaginal intercourse, anal intercourse, oral intercourse, and penetration by a foreign object[.]" **Commonwealth v. Kelley**, 801 A.2d 551, 556 (Pa. 2002).

Indecent assault of a child occurs when a person has "indecent contact with the complainant [less than 13 years of age], causes the complainant to

have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant." 18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" includes "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101 ("Indecent contact").

Herein, the Commonwealth presented multiple text messages, Kids Messenger messages, and audio messages between Degarmo and the child. In these messages, Degarmo encouraged the child to send pictures of her vagina, asked if he could "eat" the child after removing her clothes, and asked the child to allow him to massage her vagina with his fingers and penis. **See** N.T., Trial, 8/28/20, at 23, 53, 59.

The Commonwealth's evidence was sufficient to establish Degarmo's intent to solicit the acts of indecent contact and sexual intercourse with the 10-year-old victim. The messages showed Degarmo's encouragement of, and intent to commit, touching of the victim's intimate parts and sexual intercourse with the victim. Degarmo intentionally encouraged conduct that encompassed the crime of solicitation by purposefully sending messages discussing the child's intimate body parts and making requests to engage in oral and vaginal sex with the child. This encouragement was with the intent of facilitating or promoting the commission of the crimes of rape of a child and the indecent assault of a child.

*Unlawful Contact with a Minor*

Degarmo claims that the Commonwealth presented insufficient evidence that he intended to have unlawful contact with the child. He alleges that though he communicated with the child, to sustain the conviction, "the communication must be for an enumerated sexual purpose." Degarmo's Br. at 18. Degarmo claims that the Commonwealth failed to prove that his communication with the child was for the purpose of committing the "target" crime the Commonwealth had charged, which was indecent assault. ***See id.***

Section 6318 of the Crimes Code defines Unlawful Contact with a Minor as follows:

> **(a) Offense defined.**--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).
>
> (2) Open lewdness as defined in section 5901 (relating to open lewdness).
>
> (3) Prostitution as defined in section 5902 (relating to prostitution and related offenses).
>
> (4) Obscene and other sexual materials and performances as defined in section 5903 (relating to obscene and other sexual materials and performances).
>
> (5) Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).
>
> (6) Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

18 Pa.C.S.A. § 6318(a).

Here again, the evidence was sufficient. There was enough evidence to show that Degarmo's contact with the victim was for the purpose of committing indecent assault of a child. His messages to the victim included requests to "eat" her that implicitly asked for oral sex, for her to send pictures of her vagina, and to allow him to massage her vagina with his penis and fingers. Though there was testimony that Degarmo gave police varying reasons for why he sent these messages to the victim, it was in the hands of the jury to pass judgment on whether his exculpatory stories were credible or whether the Commonwealth had shown that he had committed a crime. **See Commonwealth v. Jacoby**, 170 A.3d 1065, 1080 (Pa. 2017) (noting "[a] jury is entitled to resolve any inconsistencies in the . . . evidence in the manner that it sees fit"). The Commonwealth presented sufficient evidence to sustain this conviction.

*Criminal Use of a Communication Facility*

Degarmo argues that the Commonwealth failed to prove that he used a communication facility with intent to commit a felony, as the statute requires. He claims there is no evidence of his specific intent to commit a felony.[5]

---

[5] Degarmo states that the evidence was insufficient to prove the "unlawful use of a computer" and continues to reference the unlawful use of a computer throughout his brief. Degarmo's Br. at 12. Upon review of his argument on the issue, it appears that Degarmo is referencing the criminal use of a communication facility statute. Additionally, there is no evidence that the Commonwealth charged Degarmo or that the jury found him guilty of any crimes committed through his use of a computer.

- 9 -

For the crime of criminal use of a communication facility, the Commonwealth had to prove beyond a reasonable doubt that: "(1) [Degarmo] knowingly and intentionally used a communication facility; (2) [Degarmo] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred." **Commonwealth v. Moss**, 852 A.2d 374, 382 (Pa.Super. 2004); 18 Pa.C.S.A. § 7512(a).

The evidence here was sufficient to prove that Degarmo "knowingly, intentionally or recklessly facilitated an underlying felony." The evidence presented at trial showed that Degarmo contacted the child numerous times via messages sent from his cell phone. These messages referenced Degarmo's suggestions of sexual activity with the child. Degarmo used his cell phone to facilitate felony crimes such as soliciting the rape of a child, the indecent assault of a child, and unlawful contact with a minor. Degarmo's purposeful and repeated attempts to communicate with the child to discuss sexual activity with the child sufficiently proved *mens rea*.

*Attempt to Possess Child Pornography*

Degarmo presents no argument as to the sufficiency of evidence for this count and therefore has waived appellate review of the issue. **See** Pa.R.A.P. 2119(a), (b); **Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa.Super. 2015).

**Sentencing claim**

Degarmo's second issue challenges the discretionary aspects of his sentence. Before we address the merits of this claim, we must first determine

whether Degarmo: (1) filed a timely notice of appeal; (2) properly preserved the issue at sentencing or in a post-sentence motion; (3) filed a brief that includes a Pa.R.A.P. 2119(f) statement; and (4) has demonstrated a substantial question that the sentence is not appropriate under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013).

Degarmo has met all the requirements. He filed a timely notice of appeal, filed a post-sentence motion preserving the challenge to his sentence, and included a Rule 2119(f) statement in his appellate brief. He has also raised a substantial question: whether the court imposed a consecutive sentence that is "clearly unreasonable, unduly harsh, and manifestly excessive sentence based on the nature of the crime." Degarmo's Br. at 10; *see Commonwealth v. Moury*, 992 A.2d 162, 171–172 (Pa.Super. 2010) ("The imposition of consecutive, . . . sentences may raise a substantial question . . . where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment").

Degarmo maintains that his sentence is "substantially more harsh than those in other cases with similar offenses[.]" Degarmo's Br. at 25. He alleges that his sentence is more severe that the appellants in *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa.Super. 2011), and *Commonwealth v. Horning*, 193 A.3d 411 (Pa.Super. 2018), "both of whom actually committed physical sexual assaults on their victims." *Id.* Degarmo also notes that he has

an IQ of 70, receives Social Security Disability benefits, and was not found to be a Sexually Violent Predator.

The trial court has discretion in sentencing and absent an abuse of sentencing we will not disturb the sentence. **_See Commonwealth v. Fullin_**, 892 A.2d 843, 847 (Pa.Super. 2006). An abuse of discretion exists where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **_Id._** (citation omitted).

Here, the court notes that it sentenced Degarmo on the high end of the standard range but still within the lower end of the aggravated range. It considered that Degarmo had a prior record score of 4 from a prior conviction for aggravated assault and that he committed the instant crimes while he was on probation for the aggravated assault. It also points out that "[t]he facts of this case show that [Degarmo] sent sexual messages to a minor child with whom he acted as a paternal figure" but at sentencing Degarmo continued to insist that the messages were sent "to teach the child how to handle sexual harassment through communications." Pa.R.A.P. 1925(a) Opinion ("1925(a) Op."), filed 9/17/21, at 6. (quoting N.T., Sentencing, 1/19/21, at 19). The court maintains that it fashioned a sentence "that held [Degarmo] accountable for the convicted conduct that would neither diminish the severity of the charges nor convey to the community that such behavior is acceptable." **_Id._** The trial court did not abuse its discretion in sentencing Degarmo to an aggregate term of 31 to 62 years' incarceration.

A jury found Degarmo guilty of numerous counts of various crimes related to his intentional and sexual conversations with a 10-year-old victim. In sentencing Degarmo, the trial court considered the PSI, Degarmo's allocution, and the facts of the case. The sentence imposed by the court considered "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Furthermore, Degarmo's attempt to lessen his culpability for the crimes he committed against a minor by suggesting that all he did was send explicit messages to the child, without committing a physical assault, is unavailing. At trial, Sergeant Kriner testified that Degarmo admitted to touching the victim's butt. Moreover, Degarmo told the child to delete the messages between him and the child, demonstrating an awareness of the illegality of the behavior that he had engaged in with the victim.

Degarmo's acts were criminal, and the court did not abuse its discretion in fashioning a sentence for his convictions. Degarmo's references to **Coulverson** and **Horning** are irrelevant to our review of the court's exercise of its sentencing discretion in the instant case. The facts giving rise to the crimes and criminal histories in those cases are inapposite to the instant case. Degarmo's sentencing challenge is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2022