**In the Interest of R.B.G., a Minor,**

**Appeal of R.B.G., Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 2007.

Filed Aug. 22, 2007.

Jeffery A. Rowe, York, for appellant.

Hugh S. Rebert, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., TODD, and COLVILLE *, JJ.

OPINION BY TODD, J.:

¶ 1 R.B.G., a minor, appeals the August 17, 2006 dispositional order, entered by the Honorable Joseph C. Adams of the York County Court of Common Pleas, following R.B.G.'s adjudication of delinquency on

charges of possession of a small amount of marijuana,[1] possession of drug paraphernalia,[2] possession of a firearm by a minor,[3] possession of instruments of crime—criminal instruments generally,[4] possession of instruments of crime—possession of weapon,[5] prohibited offensive weapon,[6] and firearm not to be carried without a license.[7] Upon review, we affirm in part, reverse in part, and remand.

¶ 2 The uncontroverted facts of this matter, as revealed by the adjudication hearing transcript, are as follows. R.B.G. was charged with the above offenses when, on July 15, 2006, his father, while looking in the trunk of the family car, discovered a pistol, a knit ski mask, and brown gardening gloves in the outside pocket of R.B.G.'s guitar case. At the hearing, R.B.G.'s father testified that R.B.G. had borrowed the car the previous evening. R.B.G.'s father stated that, upon discovering the items in the trunk, he took them into the house and questioned R.B.G. about them. R.B.G. told his father that he needed the items for his own protection and that he had purchased the handgun from someone for $40. R.B.G.'s father testified that, during the course of his conversation with R.B.G., R.B.G. became extremely angry and agitated. R.B.G.'s father then contacted the police.

¶ 3 Corporal Keith Dyke of the Northern York Regional Police Department was dispatched to the residence. He testified that he spoke privately with R.B.G. in his room, who admitted that the gun belonged to him and that he used it for protection. R.B.G. also admitted that he had used the gun for target practice in a rural area. He

---

* Retired Senior Judge assigned to the Superior Court.

**1.** 35 P.S. § 780–113(a)(31).

**2.** 35 P.S. § 780–113(a)(32).

**3.** 18 Pa.C.S.A. § 6110.1.

**4.** 18 Pa.C.S.A. § 907(a).

**5.** 18 Pa.C.S.A. § 907(b).

**6.** 18 Pa.C.S.A. § 908(a).

**7.** 18 Pa.C.S.A. § 6106(a)(1).

further admitted that the reason he had the ski mask and gloves was that he was contemplating committing a robbery, but had not done so.

¶ 4 As a result of R.B.G.'s admissions, Corporal Dyke suggested to R.B.G.'s father that the father search R.B.G.'s bedroom for additional contraband. R.B.G.'s father did so and found a marijuana pipe, expended cartridge rounds for the handgun, and a small amount of marijuana in a baggie. He turned this additional evidence over to the police.

¶ 5 Following the adjudication hearing, the juvenile court adjudicated R.B.G. delinquent of each of the aforementioned offenses. On August 17, 2006, at a disposition hearing, the juvenile court placed R.B.G. in the New Castle Secure Program and assessed fees and court costs against him. R.B.G. timely appealed, presenting the following questions for our consideration, which we have paraphrased:

I. Whether the evidence was sufficient to support Appellant's adjudication of delinquency for possession of instruments of crime, 18 Pa.C.S.A. § 907(b)?

II. Whether the evidence was sufficient to support Appellant's adjudication of delinquency for prohibited offensive weapons, 18 Pa.C.S.A. § 908?

III. Whether the evidence was sufficient to support Appellant's adjudication of delinquency for a firearm not to be carried without a license, 18 Pa.C.S.A. § 6106, as the statute does not render Appellant ineligible to carry a firearm based upon his age, and whether 18 Pa.C.S.A. § 6110.1 should apply?

(Appellant's Brief at 4.)

¶ 6 When presented with a claim that the evidence was insufficient to sustain an adjudication,

an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins,* 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown,* 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted).

¶ 7 Appellant first argues that, because he was not found to have concealed any instruments of crime upon his person, the evidence was insufficient to sustain the adjudication of delinquency for the offense of possessing instruments of crime, 18 Pa. C.S.A. § 907(b), which provides:

(b) Possession of weapon.—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

8 Pa.C.S.A. § 907(b).

¶ 8 The juvenile court and the Commonwealth concede that the evidence was insufficient to support Appellant's adjudication under Section 907(b) because no evidence was presented that the handgun at issue was concealed on Appellant's person. (Juvenile Court Opinion, 10/12/06, at 4 [8]; Commonwealth Brief at 7.) Indeed,

8. The juvenile court's opinion states that the

juvenile was "correctly" found to have com-

the evidence presented was to the contrary. Accordingly, we vacate Appellant's adjudication of delinquency with regard to Section 907(b).

█ ¶ 9 Appellant next argues that the evidence was insufficient to support his adjudication of delinquency for prohibited offensive weapons, 18 Pa.C.S.A. § 908, because a handgun does not fall within the definition of such weapons under this section. Section 908 defines "offensive weapons" as:

> Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the purpose of the infliction of serious bodily injury which serves no common lawful purpose.

18 Pa.C.S.A. § 908(c).

¶ 10 The juvenile court and the Commonwealth concede that the evidence presented was insufficient to support Appellant's adjudication under Section 908 because handguns specifically have been held by our Supreme Court, as well as this Court, not to be prohibited offensive weapons under Section 908. *See Commonwealth v. Harper*, 485 Pa. 572, 580, 403 A.2d 536, 540 (1979); *Commonwealth v. Rose*, 265 Pa.Super. 159, 180, 401 A.2d 1148, 1159 (1979). Furthermore, the juvenile court reasoned, and we agree, that because the handgun at issue here could be carried for a lawful purpose, Appellant was improperly charged and adjudicated delinquent under Section 908 on this additional basis. (Juvenile Court Opinion, 10/12/06, at 6.) Therefore, we vacate Appellant's adjudication of delinquency with regard to Section 908.

█ ¶ 11 Lastly, Appellant, while conceding he possessed the firearm and that he was properly adjudicated delinquent under 18 Pa.C.S.A. § 6110.1, argues that the evidence was insufficient to support his adjudication of delinquency for 18 Pa. C.S.A. § 6106, possession of a firearm without a license, a third-degree felony, because the statute does not render him ineligible to carry a firearm based on his age.[9] (Appellant's Brief at 12–13.) He adds that he was improperly charged under both Section 6106 and Section 6110.1 because both fall within the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. §§ 6101–6125, and the Act should be read in its totality; therefore, he asserts he should not have been charged with violat-

mitted the offense under Section 907(b). (Juvenile Court Opinion, 10/12/06, at 4.) In light of the court's analysis, however, we assume this to be a typographical error and that the court intended to state that the juvenile was *incorrectly* adjudicated under Section 907(b).

9. Appellant also argues that "given that Section 6106 does not criminalize the possession of a firearm without a license in one's residence or place of business, Appellant's possession of a .38 Smith and Wesson at his residence would not constitute criminal conduct under Section 6106." (Appellant's Brief at 14.) This additional argument, that Appel-

lant's possession of the gun at his residence is not culpable under Section 6106, is not encompassed within the relevant issue listed in his concise statement filed pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, which focuses on the statute's lack of an age classification. Thus, it is waived. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005) (reaffirming bright-line waiver rule established in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), that claims not included in court-ordered 1925(b) statement are waived).

ing both statutes.[10] (Appellant's Brief at 14.)

¶ 12 Section 6106 provides:

(a) Offense defined.—

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). Section 6110.1 provides:

(a) Firearm.—Except as provided in subsection (b), a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth.

18 Pa.C.S.A. § 6110.1(a).

¶ 13 The juvenile court reasoned that the two offenses are not mutually exclusive and that, although Appellant was a minor at the time of the offense, nothing in the statute precluded him from also being charged with violating Section 6106:

In order to [adjudicate Appellant delinquent] of the offense of firearm not to be carried without a license, the Commonwealth must prove: (a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business. [Commonwealth v. Parker, 847 A.2d 745, 750 (Pa.Super.2004)]. The Commonwealth clearly

proved all of these elements in this case, beyond a reasonable doubt. A defendant's ineligibility to possess a license to carry a firearm is not an element of the offense of carrying a firearm without a license, as graded as a felony of the third degree. [Commonwealth v. Bavusa, 750 A.2d 855 (Pa.Super.2000)]. As the juvenile was charged with possession of a firearm not to be carried without a license as a felony of the third degree, and as ineligibility to carry a permit is not an element that must be proven under this offense, the Court finds that the juvenile was properly found to have committed the offense, in addition to the offense of possession of firearm by a minor.

(Juvenile Court Opinion, 10/12/06, at 6–7.) We agree.

¶ 14 Our review of Section 6106 leads us to conclude that nothing in its language precluded Appellant, despite his age, from being charged with a violation of the statute, nor does Appellant proffer any support for this position. Furthermore, Appellant has cited to no authority in support of his claim that Sections 6106 and 6110.1 are "incongruent" and therefore that he should not have been charged with both offenses. (Appellant's Brief at 14.) We find Judge McCaffery's dissent in In re J.E., 907 A.2d 1114 (Pa.Super.2006), appeal granted, 926 A.2d 974 (Pa.2007), which the Commonwealth cites, to be a persuasive rejection of this argument:[11]

Appellant argues that the trial court erred in finding that Appellant was delinquent for violating Section 6106 of the

---

**10.** We find no merit to Appellant's additional argument that he was improperly adjudicated under Section 6106 because Section 6105 of the firearms act does not include minors in its list of those persons not permitted to possess firearms. Section 6105 has no relevance to a prosecution under Section 6106.

**11.** The majority in In re J.E. did not reach the issue addressed by Judge McCaffery, as it reversed on suppression grounds.

Crimes Code, specifically possession of a firearm without a license. Appellant presents the narrow argument that as a minor, he was incapable of obtaining a license by virtue of being ineligible for same, and thus his actions, or lack thereof, could not establish the elements of the crime. In conjunction with this argument, Appellant contends that because Section 6110.1 of the Crimes Code specifically prohibits the possession of a firearm by a minor, it was improper to charge him with the separate and additional offense of possessing a firearm without a license. However, a review of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S.A. §§ 6101–6125, establishes that Appellant's argument is without merit.

Appellant is correct that because he was fifteen years old, he was ineligible to obtain a firearms license, as only those individuals twenty-one years of age or older are eligible to obtain such licenses. 18 Pa.C.S.A. § 6109(b). However, ineligibility to obtain a license does not provide insulation from potential prosecution under Section 6106(a)(1). *Commonwealth v. Bavusa,* 574 Pa. 620, 643–45, 832 A.2d 1042, 1055–57 (2003). As our Supreme Court observed in construing Section 6106(a):

"It is one thing to be unlicensed as a result of negligence, ignorance, or indifference, but it is quite another to be absolutely disqualified from licensure and possessing a firearm." *Bavusa, supra* at 638, 832 A.2d at 1052–53. A person under the age of twenty-one years is *absolutely disqualified* from obtaining a license under Section 6109, and is thus not exempt under Section 6106(b) from prosecution under Section 6106(a).

The separate crime of possession of a firearm by a minor, set forth at 18 Pa. C.S.A. § 6110.1, is entirely different from the crime defined by Section 6106. Section 6110.1 provides that, except in certain circumstances not relevant to the case *sub judice,* a person under the age of *eighteen years* shall not possess or transport a firearm anywhere in Pennsylvania.

A plain reading of these statutes refutes Appellant's argument that he should not have been charged under Section 6106, either for the reason that he was ineligible to obtain a license under Section 6109 or because he was also in violation of Section 6110.1. The General Assembly has clearly expressed its intent that persons not eligible to obtain a license under Section 6109, but who nevertheless engage in behavior proscribed by Section 6106(a)(1), have engaged in felonious behavior. Had the General Assembly desired to exempt persons under the age of twenty-one, or some other age, it could have merely added a thirteenth exemption to Section 6106(b). Clearly, however, the intent of the General Assembly was to prohibit those individuals under the age of twenty-one from the behavior proscribed by Section 6106(a).

*Id.* at 1125–26 (McCaffery, J., dissenting) (emphasis original and footnote omitted). Accordingly, we affirm the order adjudicating Appellant delinquent for violating Sections 6106 and 6110.1.

¶ 15 For these reasons, we reverse Appellant's adjudication of delinquency with regard to Sections 907(b) and 908, but affirm the adjudication in all other respects. As this may affect the juvenile court's disposition, we vacate the disposition order of August 17, 2006 and remand for entry of a new disposition order.

¶ 16 Adjudication **AFFIRMED** in part, and **REVERSED** in part. Order VA-

CATED. Case **REMANDED.** Jurisdiction Relinquished.