J-S78022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAQUAN MOODY | : | |
| | : | |
| Appellant | : | No. 696 WDA 2017 |

Appeal from the Judgment of Sentence April 11, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006070-2016

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY DUBOW, J.:           **FILED JANUARY 04, 2018**

Appellant, Jaquan Moody, appeals from the Judgment of Sentence of two years' probation entered by the Allegheny County Court of Common Pleas following his conviction after a bench trial of unlawful possession of a Prohibited Offensive Weapon.[1]  After careful review, we reverse.

A recitation of the facts is unnecessary for our disposition.  Appellant filed a timely notice of appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

> 1. Were Appellant's state and federal due process rights violated when he was convicted of the crime of possession of a Prohibited Offensive Weapon, 18 Pa.C.S. § 908, based on insufficient evidence (given that a .32-caliber revolver

---

[1] 18 Pa.C.S. § 908.

---

*   Retired Senior Judge assigned to the Superior Court.

is not an offensive weapon under Crimes Code § 908(c), thus making Appellant's possession of such a firearm not an act that is criminalized by § 908)?

2. Should this Court reject any argument from the Commonwealth, if it is made, asserting that Appellant should be judicially estopped from asserting the insufficiency of the evidence of the crime of unlawful possession of a Prohibited Offensive Weapon ("POW") due to the fact that his own attorney requested that the trial court convict of the crime of POW in lieu of convicting him of the charged crime of 18 Pa.C.S. § 6106 Unlawful Possession of a Concealed Unlicensed Firearm (with rejection of any such argument being appropriate due to the fact that Appellant gained no benefit from his attorney's erroneous argument, nor was there any harm to the Commonwealth, since the Commonwealth's evidence was also insufficient to establish the § 6106 charge given the absence of evidence of the barrel or overall length element of that offense)?

Appellant's Brief at 3.

First, Appellant contends the evidence was insufficient to establish that he committed the crime of possession of a Prohibited Offensive Weapon because his possession of a .32-caliber Smith & Wesson Iver Johnson revolver is not a "prohibited offensive weapon." *See* Appellant's Brief at 16. The Commonwealth and the trial court concede the weapon did not meet the statutory definition and they argue that the Judgment of Sentence should be reversed. We agree.

We review challenges to the sufficiency of the evidence by considering "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt."

*Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted).

The legislature has failed to include handguns within the definition of prohibited offensive weapons. The Crimes Code defines "prohibited offensive weapons" as follows:

> Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic or electric weapon or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

18 Pa.C.S. § 908(c).

This Court in *In re R.B.G.*, 932 A.2d 166 (Pa. Super. 2007), "vacate[d] the a]ppellant's adjudication of delinquency with regard to Section 908" noting that "[t]he juvenile court and the Commonwealth concede[d] that the evidence presented was insufficient to support Appellant's adjudication under Section 908 because handguns specifically have been held by our Supreme Court, as well as this Court, not to be prohibited offensive weapons under Section 908." *Id.* at 169, citing *Commonwealth v. Harper*, 403 A.2d 536, 540 (Pa. 1979) (holding .32-caliber automatic pistol is not a prohibited offensive weapon), and *Commonwealth v. Rose*, 401 A.2d 1148, 1159 (Pa. Super. 1979) (holding .32-caliber Smith & Wesson pistol is not a prohibited offensive weapon).

In the case *sub judice*, Appellant possessed a .32-caliber Smith & Wesson Iver Johnson revolver, which is not a "prohibited offensive weapon." ***See In re R.B.G.***, 932 A.2d at 169. Therefore, the evidence presented was insufficient to sustain Appellant's conviction under Section 908. ***See Melvin***, 103 A.3d at 39. Accordingly, we reverse the Judgment of Sentence.

Judgment of Sentence reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/4/2018</u>