J-S23030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.M., MINOR | : | No. 2695 EDA 2023 |

Appeal from the Order Entered August 10, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-JV-0000022-2023

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 27, 2024**

Appellant, A.M., appeals from the dispositional order entered in the Lehigh County Court of Common Pleas, finding that Appellant committed the offenses of indecent assault and involuntary deviate sexual intercourse ("IDSI"),[1] and adjudicating him delinquent. We affirm in part, reverse in part, and remand.

The juvenile court set forth the relevant facts of this case as follows:

> [O]n May 16, 2022, the juvenile victim, J.T.O. [("Victim")], … was living with his mother and grandmother in Easton, Pennsylvania. [Victim] attended the Arts Academy Charter Middle School in Allentown, Pennsylvania and was in the seventh grade. On that date, [Victim] was at lunch in the middle school cafeteria located on the ground floor of the building. [Victim] needed to use the restroom and therefore

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(1) and 3123(a)(1), respectively.

he signed out by writing his name on a large white board per school protocol. The closest bathroom was located on the first floor of the school. [Victim] entered the restroom and he was the sole occupant until [Appellant][1] entered behind him. [Victim], who was wearing sweatpants at the time, approached the urinal. When he pulled his pants down in the front to facilitate urinating at the urinal, [Appellant] came up behind him and pulled his sweatpants all the way down. [Appellant] then dragged [Victim] into a bathroom stall and began to "dry hump" him from behind. [Victim] could feel [Appellant's] underwear against his bare buttocks when [Appellant] was thrusting his pelvic area into him. [Victim] ordered [Appellant] to stop it, and although [Appellant] did not immediately comply, [Appellant] ultimately stopped and left the bathroom.

[1] [Appellant] and [Victim] were not friends at school, but were mere acquaintances. They were familiar with each other through their friendship groups.

[Victim], shocked and shaken up, but stilling having to use the restroom, went back to the urinal to relieve himself. As he began to urinate, [Appellant] reentered the bathroom, approached [Victim] from behind, and pulled his pants down for a second time. [Appellant] again "humped" [Victim]. This time, however, [Victim] indicated that he felt [Appellant's] warm skin directly on the skin of his own buttocks. In other words, the clothes did not provide a barrier as with the earlier incident. [Victim] believed that [Appellant] was trying to penetrate his anus, as he felt [Appellant's] penis at the "beginning of the crack" in his buttocks.[2] … Faced with this situation, [Victim] was nervous, "freaking out," and in shock, and ordered [Appellant] to stop. When [Appellant] did not cease his actions, [Victim] stepped on [Appellant's] foot and pushed him away. [Appellant] pulled his pants up, they looked at each other, and [Appellant] bolted out of the restroom. [Victim] was in a state of shock and confusion.

[2] [Victim] further testified that he felt [Appellant's] testicles on his buttocks.

(Juvenile Court Opinion, filed 9/21/23, at 3-5) (record citations omitted).

Later that day, Victim reported the incident to the school's guidance counselor.

On January 23, 2023, the Commonwealth filed a petition alleging delinquency based upon the offenses of IDSI and indecent assault. The court conducted an adjudicatory hearing on May 11, 2023. At the conclusion of the hearing, the court found that Appellant had committed IDSI and indecent assault. (**See** N.T. Adjudicatory Hearing, 5/11/23, at 121). The court also deferred any disposition pending an intake interview and psychological evaluation. (**Id.** at 126). On August 10, 2023, the court conducted a dispositional hearing. After receiving testimony from a probation officer and Appellant, the court adjudicated Appellant delinquent and placed him on probation.

On Monday, August 21, 2023, Appellant filed a post-disposition motion arguing that the evidence was insufficient to support an adjudication based upon the offense of IDSI. Further, Appellant argued that the adjudication was against the weight of the evidence. By opinion and order entered September 21, 2023, the court denied Appellant's motion. Appellant timely filed a notice of appeal and voluntary Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on October 17, 2023.

Appellant raises one issue for this Court's review:

> Whether [the juvenile] court erred when it failed to grant Appellant's motion for reconsideration and find that the evidence, even when examined in the light most favorable to the Commonwealth, is insufficient as a matter of law to sustain the burden of proof as to [IDSI].

(Appellant's Brief at 3).

On appeal, Appellant emphasizes Victim's testimony that he was "pretty sure" that Appellant's penis touched "the beginning of his butt crack." (***Id.*** at 7) (quoting N.T. Adjudicatory Hearing at 48). Appellant maintains that "'pretty sure' is not beyond a reasonable doubt." (***Id.***) Likewise, Appellant notes Victim's testimony that Appellant's penis touched "the outside" of "the crack." (***Id.***) (quoting N.T. Adjudicatory Hearing at 50). Appellant insists that "the surface of the buttock and one's anus, by their very definitions, are extremely distinguishable," and the act of IDSI requires penetration of the anus rather than contact with a buttock.[2] (***Id.*** at 8). Appellant concludes that the Commonwealth presented insufficient evidence to prove that he committed IDSI, and this Court must grant relief. We agree.

This Court has explained:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented

---

[2] In response, the Commonwealth cites ***Interest of C.S.S.***, No. 1799 MDA 2017, unpublished memorandum at *3 (Pa.Super. filed January 25, 2019), for the proposition that an individual commits IDSI if his penis penetrates the natal cleft, "the bifurcation that appears between the two cheeks of the buttocks beginning at the bottom of the spine and ending below the anus[.]" (Commonwealth's Brief at 10). Under Pa.R.A.P. 126(b), however, we may only rely on unpublished decisions from this Court filed **after** May 1, 2019 for persuasive value.

sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In Interest of J.G.*, 145 A.3d 1179, 1188 (Pa.Super. 2016) (internal citations omitted).

The Crimes Code defines IDSI, in relevant part, as follows:

**§ 3123. Involuntary deviate sexual intercourse**

**(a) Offense defined.**—A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

(1) by forcible compulsion[.]

18 Pa.C.S.A. § 3123(a)(1).

The Crimes Code defines "deviate sexual intercourse" as: "Sexual intercourse per os or per anus between human beings…." 18 Pa.C.S.A. § 3101.

The plain meaning of "intercourse," as used in § 3101, is physical sexual contact between individuals that involves the genitalia of at least one person[.] "Per" has been defined as by the means or agency of: by way of: THROUGH. Consequently, the ordinary meaning of "per os or per anus" is through or by means of the mouth or

- 5 -

posterior opening of the alimentary canal. Our courts have viewed the phrase "intercourse per os or per anus" as describing oral and anal sex.

***Commonwealth v. Kelley***, 569 Pa. 179, 186, 801 A.2d 551, 555 (2002) (internal citations and some quotation marks omitted). "[I]n order to sustain a conviction for [IDSI], the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight." ***Commonwealth v. L.N.***, 787 A.2d 1064, 1070 (Pa.Super. 2001), *appeal denied*, 569 Pa. 680, 800 A.2d 931 (2002).

Instantly, Victim provided extensive testimony at the adjudication hearing. On direct examination, Victim explained that on the date of the incident, he left the lunchroom to go to the bathroom. Appellant followed him into the bathroom. Victim described what happened next as follows:

> And when I was about to start peeing, he kind of like pulled down my pants, and dragged me into like the bathroom stall. And then he starts dry humping me. I could feel it like lint. And after that I'm like saying, stop, [Appellant], stop.
>
> *   *   *
>
> And so, I say stop, and he stops. He like goes out the bathroom for like a little. And I see he's gone, so I go back to the urinal to go pee, a little shocked.
>
> And then—then I go back to the urinal, start peeing, and he pulls down my pants again, but this time instead of dry humping, I don't feel any lint, and it's warm. **And I do not feel any penetration**, but I did feel that. And so, I got a little nervous. And I'm still saying stop it. And I kind of like pushed him away.

(N.T. Adjudicatory Hearing at 33-34) (emphasis added).

During the initial phase of the incident, Victim "just felt [Appellant's] underwear at that first point." (*Id.* at 37).  Victim also testified that when he used the word "humping," he meant "thrusting.  Like something you would do in intercourse."  (*Id.* at 37-38).  After the initial phase of the incident, Appellant stopped and "just like left the bathroom for the moment."  (*Id.* at 39).  When Appellant reentered the bathroom and pulled down Victim's pants, Victim felt "skin on skin" contact.  (*Id.*)  Victim elaborated, "He was trying to put his private part in my butt."  (*Id.* at 39-40).  Victim and the prosecutor later engaged in the following exchange:

> [PROSECUTOR:]     Okay.  And did his penis touch any part of your body?
>
> [VICTIM:]     Pretty sure—yeah, my butt.
>
> [PROSECUTOR:]     Your butt.  And can you tell—I know this is a weird question, so I'm sorry, but can you tell us exactly where on your butt his penis touched you?
>
> [VICTIM:]     Like the beginning of the crack.
>
> [PROSECUTOR:]     Say that again?
>
> [VICTIM:]     Like on the surface.
>
> [PROSECUTOR:]     On the surface?  And you—I think you said something else.  Can you say again what you said the first time again?
>
> [VICTIM:]     Like on the crack.  The surface of the crack.

(*Id.* at 48-49).  The prosecutor also asked, "How come it didn't penetrate?" (*Id.* at 49).  Victim responded, "I'm not sure."  (*Id.*)

On cross-examination, defense counsel asked Victim about when he learned to use "big words," like intercourse and penetration. (*Id.* at 61). Victim said he learned the words in fifth grade during a "really random" lesson. (*Id.*) Thereafter, Victim reiterated the points he made on direct examination:

> [COUNSEL:]   How did you know it was his private area if you couldn't see him?
>
> [VICTIM:]      I felt his testicles.
>
> [COUNSEL:]   Okay.   And you said that his penis just touched your butt on the surface, right?
>
> [VICTIM:]      Yes.
>
> **[COUNSEL:] Okay.   And you said he—I think you actually said it a couple times, but you said you didn't feel any penetration, right?**
>
> **[VICTIM:]    Yes.**
>
> [COUNSEL:]   Okay.  And you said his penis just touched the outside of the crack?
>
> [VICTIM:]      Yes.

(*Id.* at 71-72) (emphasis added).

Despite Victim's repeated statements that Appellant's penis merely touched his buttock, the juvenile court found sufficient evidence of IDSI:

> Viewing all the evidence and all reasonable inferences arising therefrom in the light most favorable to the Commonwealth, it is clear that the evidence was sufficient to enable a finder of fact to conclude that all the elements of the offense were established beyond a reasonable doubt. Indeed, at the conclusion of the hearing, based on the evidence, this [c]ourt had no doubt that [Appellant] penetrated [Victim's] anus, albeit slight, with his penis by physical compulsion.

(Juvenile Court Opinion at 7).

Even viewing all evidence in the light most favorable to the Commonwealth, the testimony did not establish that Appellant's penis penetrated Victim's anus. *See Interest of J.G., supra*. The adjudicatory hearing transcript reveals that Victim understood the meaning of the term of "penetration," and he repeatedly denied that Appellant's penis penetrated him. While Victim admitted that Appellant's penis touched his "butt" or "the beginning of the crack," such actions fall short of anal sex by forcible compulsion, which is the prohibited conduct under the IDSI statute. *See Kelley, supra*; 18 Pa.C.S.A. §§ 3101, 3123(a)(1).

For these reasons, we reverse Appellant's adjudication of delinquency based upon the offense of IDSI. We affirm the adjudication in all other respects. As this may impact the juvenile court's disposition, we vacate the August 10, 2023 dispositional order and remand for entry of a new dispositional order. *See In re R.B.G.*, 932 A.2d 166 (Pa.Super. 2007) (vacating dispositional order and remanding for entry of new order where this Court determined that evidence was insufficient to support adjudication of delinquency for some acts, but evidence was sufficient to support adjudication of delinquency for other acts).

Adjudication affirmed in part and reversed in part. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/27/2024