J. S66038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERNEST PORTER A/K/A | : | |
| KEVIN ERNEST PORTER, | : | No. 2771 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 25, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000143-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 21, 2018**

Ernest Porter, a/k/a Kevin Ernest Porter, appeals from the July 25, 2017 aggregate judgment of sentence of 3 to 6 years' imprisonment, followed by 9 years' probation, imposed after a jury found him guilty of aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors.[1]  Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 3125(a)(8), 3126(a)(8), 6318(a)(1), and 6301(a)(1)(i), respectively.

The trial court summarized the relevant facts and procedural history of this case as follows:

> At trial, the Commonwealth presented the following testimony: the complainant, S.B. (defendant's niece); K.F. (S.B.'s friend); Lila Corgan (S.B.'s teacher); [L.B.] (S.B.'s mother and [appellant's] sister-in-law); Philadelphia Police Detective Manuel Gonzalez; and Philadelphia Children's Alliance Forensic Interview Specialist, Maylis Feliz. [Appellant] presented the testimony of [L.B.-P.] ([appellant's] wife and S.B.'s biological aunt). Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.
>
> On November 1, 2015, the complainant, thirteen-year-old, S.B., was in her bedroom, in her home in Philadelphia, when her uncle, [appellant] entered the room. [Appellant] laid across S.B.'s bed and began to ask her "weird" questions, such as, "Do you love me?" and "Do you miss me?" He then went over to where S.B. was fixing her hair and pushed her against the wall. He proceeded to kiss her and stick his hand under her clothes to touch her breasts, buttocks, and vagina. He then digitally penetrated her vagina. During the act, [appellant] told S.B. that it was supposed to make her feel good and that she could not tell anyone because they would both get into trouble and therefore, they had to take it to their graves.
>
> After the incident, [appellant] left S.B.'s bedroom and went to the bathroom to wash his hands. Once [appellant] left, S.B. texted her best friend, K.F., "I think my uncle just sexually assaulted me." K.F. encouraged S.B. to tell someone about what had happened. The next day, at school, S.B. reported the incident to a teacher, Lila Corgan. Corgan called S.B.'s mother, [L.B.], and the incident was reported to the Philadelphia Police.

Trial court opinion, 10/31/17 at 2-3 (citations to notes of testimony and footnote omitted).

Appellant was subsequently arrested and charged with aggravated indecent assault and related offense in connection with this incident. On January 18, 2017, appellant proceeded to a jury trial and was found guilty of aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors, following a two-day trial. On June 15, 2017, the trial court sentenced appellant to an aggregate term of 3 to 10 years' imprisonment, followed by 5 years' probation. On June 22, 2017, appellant filed a motion for reconsideration of sentence, which was granted by the trial court on July 25, 2017. That same day, the trial court resentenced appellant to an aggregate term of 3 to 6 years' imprisonment, followed by 9 years' probation. This timely appeal followed on August 23, 2017.

On August 24, 2017, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Robert Marc Gamburg, Esq. (hereinafter "counsel"), filed a timely Rule 1925(b) statement on appellant's behalf on September 12, 2017. The trial court filed its Rule 1925(a) opinion on October 31, 2017. Thereafter, on April 11, 2018, counsel filed a petition and brief to withdraw from representation pursuant to **Anders**/**McClendon**. On May 4, 2018, we issued a **per curiam** order directing counsel to forward a letter to appellant

advising him of his right to retain new counsel, proceed **pro se**, or raise any additional points that he deems worthy of this court's attention. Counsel complied on May 9, 2018. Appellant did not respond to counsel's petition to withdraw.

In his **Anders** brief, counsel argues on appellant's behalf that there was insufficient evidence to sustain appellant's convictions for aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors. (**Anders** brief at 8-10.)

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the ***Anders*** brief to his client." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed ***pro se*** on appeal; or (3) raise any points that the appellant deems worthy of the court[`]s attention in addition to the points raised by counsel in the ***Anders*** brief." *Id.* "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa.Super. 2007) (***en banc***) (citation and internal quotation marks omitted).

Instantly, we conclude that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised sufficiency of the evidence claims that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous. At our

direction, counsel sent a letter to appellant that he attached to his petition, which satisfied the notice requirements of *Millisock*. Accordingly, we will proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Appellant contends there is insufficient evidence to sustain his convictions for aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors. (*See Anders* brief at 8-11.) For the following reasons, we disagree.

Our standard of review in assessing whether there was sufficient evidence to sustain appellant's convictions is well settled.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009), *appeal denied*, 4 A.3d 1054 (Pa. 2010) (citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was sufficient evidence from which the jury could conclude that appellant was guilty of

both aggravated indecent assault and indecent assault. Section 3125 of the Crimes Code defines the offense of aggravated indecent assault, in relevant part, as follows:

> **(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> . . . .
>
> (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125(a)(8).

A person will be found guilty of indecent assault:

> if the person has indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(8). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

Instantly, our review of the testimonial evidence presented in this matter established that appellant held the 13-year-old victim, S.B., against the wall, kissed her without her consent, fondled her breasts and buttocks, and reached into her underwear before digitally penetrating her vagina. (Notes of testimony, 1/18/17 at 43-45.) Additionally, both S.B.'s friend, K.F., and her teacher, Lila Corgan, corroborated S.B.'s version of events after she confided in them about the incident. (*Id.* at 65-72, 80-85.) Our supreme court has held that evidence that a defendant digitally penetrated a victim's vagina is sufficient to support a conviction for aggravated indecent assault. *See Commonwealth v. Kelley*, 801 A.2d 551, 557-558 (Pa. 2002). Moreover, we recognize that even the uncorroborated testimony of the complainant alone "is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa.Super. 2005) (citations and internal quotation marks omitted).

Likewise, we find ample support to sustain appellant's conviction for unlawful contact with a minor pursuant to Section 6318 of the Crimes Code. A person commits the offense of unlawful contact with a minor if,

> he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1).

As noted, the evidence in the case **sub judice** clearly established that appellant engaged in multiple instances of unwanted sexual contact with 13-year-old S.B., informing her that it was supposed "to make [her] feel good." (Notes of testimony, 1/18/17 at 45.) This court has sustained a conviction for unlawful contact with a minor where a defendant hugged a victim, tried to pull her skirt up, and rubbed victim's buttocks and private areas while asking her if it felt good. **See Commonwealth v. Leatherby**, 116 A.3d 73, 80 (Pa.Super. 2015).

Lastly, appellant's actions in engaging in the sexual assault of a 13-year-old girl clearly satisfy the requisite elements for corrupting a minor pursuant to Section 6301 of the Crimes Code, which provides, in relevant part, as follows:

> **(a)  Offense defined.--**
>
> (1)(i)  Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

Based on the foregoing, we agree with counsel's assessment that this appeal is wholly frivolous and that appellant is entitled to no relief on his sufficiency claims. After our own independent review of the record, we discern no additional issues of arguable merit. Accordingly, we grant counsel's petition to withdraw and affirm the July 25, 2017 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18