J-S20023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD GEORGE CHERVENITSKI | : | |
| | : | |
| Appellant | : | No. 612 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000675-2021

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: AUGUST 5, 2024**

Richard Chervenitski appeals from the judgment of sentence entered for 22 convictions of sex crimes against three of his granddaughters. Chervenitski challenges the sufficiency of the evidence to sustain certain convictions, as well as the discretionary aspects and legality of his sentence. We reverse one conviction, affirm the others, and remand for resentencing.

Chervenitski was charged with committing sexual offenses against three of his granddaughters: attempted rape of a child (victims B.B. and H.C.), attempted involuntary deviate sexual intercourse with a child (B.B.), involuntary deviate sexual intercourse with a child (H.C.), statutory sexual assault (B.B. and H.C.), sexual assault (B.B. and H.C.), aggravated indecent assault of a child (B.B., M.C., and H.C.), incest (B.B. and H.C.), corruption of

_____

[*] Former Justice specially assigned to the Superior Court.

minors (B.B., M.C., and H.C.), indecent assault (B.B., M.C., and H.C.), and endangering the welfare of children (B.B., M.C., and H.C.).[1] The case proceeded to a jury trial beginning June 27, 2022.

Relevant to this appeal, H.C. testified that Chervenitski sexually abused her from when she was five or six years old until when she was around thirteen years old. The regular abuse consisted of Chervenitski putting his hand in H.C.'s pants and moving it around her clitoris and vaginal opening, penetrating her with his fingers. Occasionally when Chervenitski was lying behind her, H.C. explained, she could feel that he had an erection. Chervenitski would also rub and slap H.C.'s inner thigh. H.C. described one incident when she was about eleven years old in which Chervenitski touched her with his penis. She testified that Chervenitski first put his hands in her pants, then "pressed his penis up against [her] vagina." H.C. said that he was "thrusting" and "humping" from behind, "towards [her] buttocks," for five to ten minutes. She stated, "I felt him rubbing [his penis] against my vagina, like my vaginal opening and also slightly penetrating." H.C. testified that Chervenitski did not "put his penis anywhere else." N.T., Jury Trial, 6/28/22, at 39–44.

The jury found Chervenitski guilty of all counts. On February 8, 2023, the trial court sentenced Chervenitski to an aggregate term of 53 years and 9 months to 112 years of imprisonment, followed by three years of probation. Chervenitski filed a post-sentence motion for reconsideration, which the trial

---

[1] 18 Pa.C.S.A. §§ 901(a) and 3121(c), 901(a) and 3123(b), 3123(b), 3122.1, 3124.1, 3125(b), 4302, 6301(a)(1), 3126(a), and 4304, respectively.

court denied. Chervenitski timely appealed. Chervenitski and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Chervenitski presents issues about (1) the sufficiency of the evidence to sustain certain convictions, (2) the discretionary aspects of his sentence, and (3) the legality of his sentence.

Chervenitski first challenges the sufficiency of the evidence to sustain five of his convictions for crimes against H.C.: attempted rape of a child, involuntary deviate sexual intercourse with a child, statutory sexual assault, sexual assault, and incest. For the attempted rape, he argues there was no evidence that he took a substantial step toward committing a crime. For all five crimes, he argues there was no evidence of penetration.

Appellate review of a sufficiency challenge proceeds according to the following standard:

> We consider whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Faison*, 297 A.3d 810, 830–31 (Pa. Super. 2023) (brackets, emphasis, and citation omitted).

Here, H.C. testified that, when she was about eleven years old, Chervenitski pressed his penis to her vagina and was "thrusting" and "humping" her from behind, to the point that **he was** "**slightly penetrating**" her vaginal opening. This testimony is sufficient to establish that Chervenitski took a substantial step toward raping H.C.[2] and that he penetrated her vagina with his penis. We therefore affirm Chervenitski's convictions involving penetration of the vagina. *See* 18 Pa.C.S.A. § 3101 (defining "sexual intercourse" to require "**some penetration however slight**; emission is not required" (emphasis added)). 18 Pa.C.S.A. §§ 3121(c) (rape of a child, charged as an attempt at Count 2); 3122.1 (statutory sexual assault, Count 6); 3124.1 (sexual assault, Count 8); 4302 (incest, Count 13).

However, as the Commonwealth concedes, the evidence is insufficient to sustain Chervenitski's conviction for involuntary deviate sexual intercourse of a child. Deviate sexual intercourse includes "intercourse per os or per anus" (oral and anal sex) as well as penetration of a victim's genitals or anus with a foreign object. 18 Pa.C.S.A. § 3101. This does not include vaginal sex, the

_____

[2] Indeed, because Chervenitski slightly penetrated H.C.'s vagina, the evidence could establish that he completed the offense of rape. Because we review the issues as presented on appeal, we hold only that the evidence is sufficient to prove that Chervenitski took a substantial step toward raping H.C. and that he penetrated H.C.'s vagina with his penis.

insertion of a penis into a vagina. ***Commonwealth v. Banniger***, 303 A.3d 1085, 1092 (Pa. Super. 2023). Nor does it include a defendant penetrating a victim's genitals or anus with his fingers. ***Commonwealth v. Kelley***, 801 A.2d 551, 556 (Pa. 2002). Here, H.C. clarified that when Chervenitski thrusted and penetrated her vagina, he did not "put his penis anywhere else." We therefore reverse Chervenitski's conviction at Count 4, involuntary deviate sexual intercourse with a child (H.C.).[3]

Mindful that the reversal of Chervenitski's conviction and sentence at Count 4 may disturb the trial court's overall sentencing scheme, we vacate the sentence imposed in this case and remand for resentencing. ***Commonwealth v. Thur***, 906 A.2d 552, 569–70 (Pa. Super. 2006).

Chervenitski next challenges the discretionary aspects of his sentence.[4] He argues that his aggregate sentence of 53 years and 9 months to 112 years' imprisonment is manifestly excessive and clearly unreasonable. Specifically, Chervenitski contends that the sentencing court abused its discretion by only considering the severity of his crimes and by imposing consecutive standard-range sentences that aggregate to an effective life sentence.

As a threshold to our analysis, we must determine whether Chervenitski has properly invoked this Court's jurisdiction by (1) preserving his claim with

---

[3] For penetrating H.C.'s vagina with his fingers, Chervenitski was properly convicted of aggravated indecent assault of a child. 18 Pa.C.S.A. § 3125(b).

[4] This Court exercises its discretion in addressing sentencing issues after vacating and remanding for resentencing. ***See Commonwealth v. Barzyk***, 692 A.2d 211, 215 (Pa. Super. 1997).

the trial court, (2) filing a timely appeal, (3) including a statement of the reasons for allowance of appeal in his brief, Pa.R.A.P. 2119(f), and (4) raising "a substantial question that the sentence is appropriate under the sentencing code." *Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022).

Here, Chervenitski has met the first three requirements. Additionally, his Rule 2119(f) statement presents substantial questions that this Court may review. *See Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008) (finding a substantial question for a claim of an excessive sentence imposed after the court focused only on the serious nature of the crimes); *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (same, as applied to the maximum term of sentence); *Commonwealth v. Dodge*, 957 A.2d 1198, 1199 n.2 (reviewing a challenge to the discretionary aspects of an aggregate sentence); *see also Bankes*, 286 A.3d at 1306 (finding a substantial question for "a claim that a court imposed an excessive sentence after not considering rehabilitative needs"). We address the merits.

On the merits of a challenge to the discretionary aspects of a standard-range sentence (like Chervenitski's), this Court must affirm the sentence unless the appellant demonstrates that "application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). A sentencing court has "broad discretion" to determine an appropriate sentence based on the circumstances before it. *Bankes*, 286 A.3d at 1307. Our standard of review recognizes this discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (quoting *Commonwealth v. Clemat*, 208 A.3d 944, 959 (Pa. Super. 2019)).

A sentencing court has discretion to impose consecutive sentences for a defendant who is convicted of multiple offenses. *Id.* at 1310. We will reverse an order of consecutive sentences only if "the aggregate sentence is 'grossly disparate' to the defendant's conduct, or 'viscerally appear[s] as patently unreasonable.'" *Id.* (quoting *Commonwealth v. Gonzales-Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010)).[5] Additionally, when a sentencing court has obtained a pre-sentence investigation report, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character" and gave it proper weight. *Commonwealth v. Wallace*, 244 A.3d 1261, 1279 (Pa. Super. 2021).

Here, the sentencing court stated that it considered the sentencing guidelines, witnesses' testimony, pre-sentence investigation report, and arguments of counsel prior to imposing sentence. Trial Court Opinion, 8/11/23, at 19. The court explained that it imposed consecutive sentences

---

[5] Chervenitski contrasts cases in which sentences at *all* counts are ordered to be consecutive with cases in which *some* are consecutive while others are concurrent. We decline to adopt a rule that prohibits a sentencing court from imposing consecutive sentences at all counts.

because Chervenitski "was convicted of multiple crimes perpetrated against multiple victims. We have no sympathy for the fact that [Chervenitski] was not convicted of these crimes until he reached his seventies." ***Id.***

We discern no abuse of discretion. The sentencing court was aware of Chervenitski's age and history, as his counsel argued. We read the court's "no sympathy" language to refer not to the lack of consideration for mitigating factors but rather to the inevitable effect of consecutive sentences on a defendant of advanced age. The sentencing court acted within its sound judgment to impose consecutive sentences for Chervenitski's years of multiple criminal acts against three young victims. Chervenitski's claims related to the discretionary aspects of his sentence fail.

In his final issue, Chervenitski challenges the grading of his convictions for endangering the welfare of children, which implicates the legality of his sentence. ***See Commonwealth v. Popow***, 844 A.2d 13, 17 (Pa. Super. 2004). The offense is graded as a misdemeanor of the first degree generally but as a felony of the third degree if a defendant "engaged in a course of conduct" in endangering the child's welfare. 18 Pa.C.S.A. § 4304(b)(1)(i), (ii).

Chervenitski argues that his convictions for endangering the welfare of children cannot be graded as felonies because the jury was not presented with a separate question whether he engaged in a course of conduct. ***Popow***, 844 A.2d at 18 ("We cannot merely assume the jury found this additional fact when no evidence of it was presented at trial and no mention of it was made

in the jury's charge."); *see **Apprendi v. New Jersey***, 530 U.S. 466, 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Here, however, Chervenitski's young victims testified about repeated instances of abuse. Furthermore, the trial court instructed the jury about the requirement of a "course of conduct" as an element of the charged offenses, and that the jury must find Chervenitski not guilty unless it found every element proven.

> The defendant has been charged with endangering the welfare of a child as a course of conduct. To find the Defendant guilty of this offense, you must find that each of the following four elements have been proven beyond a reasonable doubt:
>
> First, that the defendant engaged in a course of conduct of endangering the welfare of a child by violating a duty of care, protection, or support. A course of conduct means a pattern of actions composed of more than one act over a period of time, however short, evidencing being a continuity of conduct;
>
> Second, that the Defendant endangered the welfare of a child knowingly. . . . ;
>
> Third, that the defendant was at the time a parent, guardian, [or] person supervising the welfare of the child under the age of 18 . . . . ; and
>
> Fourth, that the child was under the age of 18 years at the time of the endangering. If, after considering all the evidence, you find that the Commonwealth has established beyond a reasonable doubt all of the elements I have stated, you must find the defendant guilty of endangering the welfare of a child. Otherwise, you must find the Defendant not guilty.

N.T., Jury Trial, 6/28/22, at 444–45.

Based on the evidence and the jury instruction, we conclude that the jury found beyond a reasonable doubt that Chervenitski engaged in a course of conduct of endangering the welfare of each of his child victims. Therefore, the grading of Chervenitski's convictions as felonies was proper and the sentence was not illegal. This issue fails.

Conviction reversed at Count 4, Involuntary Deviate Sexual Intercourse with a Child (H.C.). Remaining convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/5/2024</u>